UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL RODRIGUEZ,                    Civil Action No.: 16-11294
                                     Honorable George Caram Steeh
                    Plaintiff        Magistrate Judge Elizabeth A. Stafford

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CROSS-
## MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 12, 15]

Plaintiff Miguel Rodriguez appeals a final decision of defendant

Commissioner of Social Security (Commissioner) denying his application

for disability insurance benefits (DIB) under the Social Security Act. Both

parties have filed summary judgment motions, referred to this Court for a

report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After

review of the record, the Court finds that the administrative law judge's

(ALJ) decision is supported by substantial evidence, and thus

**RECOMMENDS** that:

- the Commissioner's motion [ECF No. 15] be **GRANTED**;

- Rodriguez's motion [ECF No. 12] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Rodriguez's Background and Disability Applications

Born February 10, 1951, Rodriguez was 62 years old when he submitted his application for disability benefits in May 2013. [ECF No. 7-5, Tr. 112]. He has past work experience as a machine operator, a hand packager, and an industrial truck operator. [ECF No. 7-2, Tr. 21, 69; ECF No. 7-6, Tr. 156]. Rodriguez alleged a disability onset date of February 11, 2013, but later amended that date to March 6, 2012, and claims to be disabled by "two total knee replacements" and asthma. [ECF No. 7-2, Tr. 12; ECF No. 7-3, Tr. 75]. For DIB purposes, his date late insured was December 31, 2016. [ECF No. 7-2, Tr. 14].

After a hearing on March 10, 2015, during which Rodriguez and a vocational expert (VE) testified, the ALJ found that Rodriguez was not disabled. [ECF No. 7-2, Tr. 12, 22, 27-74]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-3]. Rodriguez timely filed for judicial review. [ECF No. 1].

**B.    The ALJ's Application of the Disability Framework Analysis**

DIB is available for those who have a "disability."  *See Colvin v.
Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  A "disability" is the "inability to
engage in any substantial gainful activity by reason of any medically
determinable physical or mental impairment which can be expected to
result in death or which has lasted or can be expected to last for a
continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by
analyzing five sequential steps.  First, if the applicant is "doing substantial
gainful activity," he or she will be found not disabled. 20 C.F.R. §
404.1520(a)(4).  Second, if the claimant has not had a severe impairment
or a combination of such impairments[1] for a continuous period of at least
12 months, no disability will be found.  *Id.*  Third, if the claimant's severe
impairments meet or equal the criteria of an impairment set forth in the
Commissioner's Listing of Impairments, the claimant will be found disabled.
*Id.*  If the fourth step is reached, the Commissioner considers its
assessment of the claimant's residual functional capacity ("RFC"), and will
find the claimant not disabled if he or she can still do past relevant work.

---

[1] A severe impairment is one that "significantly limits [the claimant's]
physical or mental ability to do basic work activities."  § 1520(c).

*Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Rodriguez was not disabled. At the first step, she found that Rodriguez had in fact engaged in substantial gainful activity without a significant break up to February 10, 2013, but not since then. [ECF No. 7-2, Tr. 15]. At the second step, she found that Rodriguez had the severe impairments of "degenerative disc disease, residual effects of bilateral knee replacements, and asthma." [*Id.*, Tr. 16]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 18].

Between the third and fourth steps, the ALJ found that Rodriguez had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that:

> Specifically, at his best Mr. Rodriguez is able to lift or carry up
> to 50 pounds occasionally or up to 25 pounds frequently. He
> can stand or walk for up to six hours of an eight hour work day,
> or sit for up to six hours of an eight hour work day. He is able

4

to occasionally climb stairs, ramps, ladders or scaffolds.  He is able to perform work that does not involve concentrated exposure to extreme cold or extreme heat or humidity, or to fumes, dust, smoke, or environmental pollutants."

[ECF No. 7-2, Tr. 19].  At step four, the ALJ found that Rodriguez was capable of performing past relevant work as a machine operator, hand packager, and industrial truck operator, as those jobs are defined by the Dictionary of Occupational Titles (DOT).  [*Id.*, Tr. 21-22].

## II.    ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

**A.**

According to Rodriguez, the ALJ erred in finding that he could perform past relevant work, which led to the determination that he was not disabled. Rodriguez is not mistaken that there are errors present in the ALJ's finding. In her subheading, the ALJ declared that Rodriguez was "capable of performing past relevant work as a machine operator, hand packager and industrial truck operator *for Huntsman Advanced Materials*." [ECF No. 7-2, Tr. 21(emphasis added)]. While Rodriguez had worked at Huntsman in the past, [*see id.*, Tr. 45], the ALJ specifically concluded that "the demands of his past relevant work as he actually performed it . . . exceed his current residual functional capacity," contradicting the subheading. [*Id.*, Tr. 22]. This conclusion was supported by the VE as well. [*Id.*, Tr. 71].

The ALJ clearly intended to differentiate between Rodriguez's past relevant work as he performed it and his past relevant work as those positions are defined by the DOT. [*Id.*, Tr. 22]. But there is yet another error in the opinion. The ALJ stated that "the [VE] testified that a hypothetical worker with the residual functional capacity as noted above could perform Mr. Rodriguez's past relevant work of machine operator, hand packager and industrial truck operator as those jobs are defined by

the DOT." [*Id.*]. This is not the case. Upon questioning by the ALJ, the VE clarified that the lack of clean atmosphere present in Rodriguez's past relevant work was, by itself, enough to prevent him from being capable of such work. [*Id.*, Tr. 71-72]. Neither the ALJ nor the VE clarified whether this was true for the work as Rodriguez performed it, or as it was listed in the DOT. The ALJ then asked the VE whether he could return to past relevant work if the limitation on "concentrated exposure to fumes, dust, smoke, or environmental pollutants" were removed from the RFC. [*Id.*]. Only then did the VE opine that Rodriguez could perform past relevant work "as the DOT classifies it, in terms of exertion, but not as he stated he did it." [*Id.*].

The ALJ retained the limitation on concentrated exposure to pollutants and other items in her RFC. [*Id.*, Tr. 19]. Thus, she was mistaken that the VE's testimony supported her conclusion. This was error, but the Commissioner contends that this error was harmless. The Court agrees.

Under Social Security regulations, a claimant can be found "not disabled" if he or she can perform the duties of a past relevant job "as he or she actually performed it," or "as ordinarily required by employers throughout the national economy." SSR 82-61, 1982 WL 31387 (S.S.A.

7

1982).  "At no point does Ruling 82–61 require consideration of whether the job exists in significant numbers in the national economy." *Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 557 (6th Cir. 1995).  Furthermore, the regulation states that "[DOT] descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is *usually* performed in the national economy."  SSR 82-61 (emphasis in original).

Here, the VE classified one of Rodriguez's past relevant jobs as a "machine operator" with DOT number 699.686-101.  [ECF No. 7-2, Tr. 69].  The DOT defines this job as having no exposure to extreme cold, extreme heat, humidity, toxic caustic chemicals, or other environmental conditions.  1991 WL 678871 (2016).  Another of Rodriguez's past relevant jobs was classified by the VE as "industrial truck operator," DOT 921.683-050, which the DOT defines similarly, except that other environmental conditions "exist[] up to 1/3 of the time."  [*Id.*, Tr. 70] 1991 WL 688069.

Going by the RFC, which Rodriguez does not challenge, Rodriguez is capable of performing his past relevant work as a machine operator as that position is defined in the DOT.  The position requires no exposure to the conditions to which his exposure must be limited, and as opined by the VE, its exertional requirements are not beyond Rodriguez's capacity.  Though the ALJ erred in misstating the VE's opinion, a supporting VE's opinion is

not required in order to sustain the ALJ's finding. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010), citing 20 C.F.R. § 404.1560(b)(2). And because the DOT independently supports the ALJ's conclusion, "remand would be an idle and useless formality." *Rabbers*, 582 F.3d at 654 (quoting *NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 766 n. 6 (1969)).

Furthermore, Rodriguez has failed to meet his dual burden of proof that he cannot perform past relevant work, (*Preslar*, 14 F.3d at 1110), and that the ALJ's error at step four was harmful (*Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). Even in his reply brief, Rodriguez failed to undertake a harmful error analysis or provide support for the contention that he could not perform past relevant work. [ECF No. 16]. His motion should be denied, and the Commissioner's motion should be granted.

## III.  CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 15] be **GRANTED**; that Rodriguez's motion [ECF No. 12] be **DENIED**; and the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: July 31, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections are without merit, it

may rule without awaiting the response.

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2017.

s/Marlena Williams____
MARLENA WILLIAMS
Case Manager
