UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL RODRIGUEZ,

    Plaintiff,

vs.

Case No. 16-CV-11294
HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 17]

Plaintiff Miguel Rodriguez filed an application for disability insurance benefits (DIB) in May 2013. He has past work experience as a machine operator, a hand packager, and an industrial truck operator. Plaintiff claims to be disabled by two knee replacements and asthma. The ALJ found that plaintiff was not disabled on March 12, 2015, after holding a hearing during which plaintiff and a vocational expert (VE) testified. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed for judicial review.

Both parties filed motions for summary judgment which were referred to the Magistrate Judge for report and recommendation. On July 31, 2017, the Magistrate Judge issued a report and recommendation

recommending that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted. An objection to that report has been filed by plaintiff within the established time period. The court has reviewed the file, record, and Magistrate Judge's report and recommendation, and now addresses plaintiff's objection.

Plaintiff raises one objection to the Magistrate Judge's recommendation that the ALJ's finding that plaintiff was not disabled under the Commissioner's five-step disability analysis was supported by substantial evidence. The objection focuses on the step four consideration whether plaintiff was capable of performing past relevant work as a machine operator, hand packager, and industrial truck operator. A claimant seeking DIB may not be found to be disabled if they are able to perform their past relevant work. 20 C.F.R. § 1520(e). Pursuant to SSR 82-61, "past relevant work" includes either the actual functional demands and duties of a past job, or the functional demands and job duties of the occupation as it is generally performed in the national economy. An ALJ may rely on the Dictionary of Occupational Titles (DOT) descriptions, "for jobs that are listed in the DOT – to define the job as it is *usually* performed in the national economy." SSR 82-61, 1982 WL 31387 (Jan. 1, 1982) (emphasis in original).

The Magistrate Judge found, and the parties agree, that the ALJ erred at step four. Specifically, the ALJ's residual functional capacity (RFC) assessment included both environmental and exertion limitations, but the VE only addressed the exertion limitations in opining that plaintiff could do the job as defined in the DOT. In spite of the fact that the VE did not consider the environmental limitation in the RFC, the ALJ found that the VE's testimony supported her conclusion that the plaintiff could perform his past relevant work.

The Magistrate Judge ultimately concluded that the ALJ's error was harmless. Plaintiff objects to the fact that the Magistrate "conducted an independent review of the actual provisions of the DOT, to determine in the first instance whether those environmental limitations would affect plaintiff's ability to do these jobs as generally peformed []." (Doc. 18 at 4). Plaintiff contends that the relevant portions of the DOT were not made a part of the record and therefore should not have been reviewed by the Magistrate.

Contrary to plaintiff's characterization, the relevant DOT positions were testified to by the VE and were listed by the ALJ in the section of her decision addressing the step four analysis. The ALJ does not need to rely on VE testimony for the step four analysis. *See* 20 C.F.R. § 404.1560(b)(2). The DOT description of machine operator defines the job as having no exposure to environmental conditions. This description

provides an independent basis for the ALJ to conclude that plaintiff could perform that job with his RFC. The Magistrate Judge did not exceed her authority in considering this evidence. The court finds that the Magistrate Judge properly concluded that remand in this case would be futile. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) (citations omitted).

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's report and recommendation is accepted.

IT IS FURTHER ORDERED that judgment enter for defendant.

Dated: September 14, 2017

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 14, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk